IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

THE UNITED STATES OF AMERICA, *
ON BEHALF OF AND FOR THE USE OF
COLUMBUS FIRE & SAFETY *
EQUIPMENT COMPANY, INC.,
                                     *
        Plaintiff,
                                     *
vs.                                              CASE NO. 4:12-CV-261 (CDL)
                                     *
ANDERSON ELECTRIC COMPANY,
INC., LIFECYCLE CONSTRUCTION *
SERVICES, LLC, and FIDELITY AND
DEPOSIT COMPANY OF MARYLAND,        *
                                     
        Defendants.                  *
_____

O R D E R

        As a subcontractor on the federal construction project for
the New Soldier Community Center at Ft. Benning, Georgia,
Plaintiff Columbus Fire & Safety Equipment Company, Inc.
("Columbus Fire") provided fire and safety equipment to
Defendant Anderson Electric Company, Inc. ("Anderson Electric"),
another subcontractor on the project.  When Anderson Electric
failed to pay for the equipment, Columbus Fire notified the
primary contractor for the project, Lifecycle Construction
Services, LLC ("Lifecycle"), and its surety, Defendant Fidelity
and Deposit Company of Maryland ("Fidelity") of its claim for
payment.  Unsuccessful in its attempt to obtain payment,
Columbus Fire filed the present action.  Columbus Fire seeks to

enforce the payment bond executed by Defendants Lifecycle and Fidelity in accordance with the Miller Act, 40 U.S.C. §§ 3131-34. Defendants Lifecycle and Fidelity move for summary judgment, arguing that Columbus Fire did not provide proper notice to Lifecycle of the amount owed for the materials and that notice to Fidelity, as the surety, does not operate as notice to Lifecycle for purposes of a Miller Act claim. As discussed below, the Court finds that genuine factual disputes exist as to whether Columbus Fire provided adequate notice pursuant to the Miller Act as required by 40 U.S.C. § 3133(b)(2). Therefore, Defendants' motion for summary judgment (ECF No. 21) is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Columbus Fire, the record reveals the following.

Lifecycle, as principal contractor on a federal government construction project known as the New Soldier Plaza, executed the required Miller Act payment bond with Fidelity as its surety.   Lifecycle subcontracted with Anderson Electric for part of the work on the project.   Anderson Electric then subcontracted with Columbus Fire to provide fire and safety equipment for the project.   After providing the equipment, Columbus Fire claims that it has not been paid.   On October 25, 2011, Columbus Fire sent Lifecycle the following letter:

> As a subcontractor for Anderson Electric Company, Columbus Fire & Safety provided the Interior Fire Alarm and Mass Notification System for two facilities for which LifeCycle Construction is the Prime Contractor.
>
> Columbus Fire & Safety has recently learned that Anderson Electric has closed their business[,] and we have not received payment.
>
> . . . .  Please forward the name and contact information of the company(ies) that hold the performance bonds for . . . New Soldier Community Center, Ft. Benning, GA Contract Number W912HN-09-D-0012-0004[.]

Pl.'s Resp. to Defs.' Mot. for Summ. J. [hereinafter Pl.'s Resp.] Ex. D, Williams Aff. Attach., Letter from T. Williams to

M. Wise (Oct. 25, 2011), ECF No. 24-2 at 32. Lifecycle responded with its surety's contact information. Williams Aff. Attach., Email from M. Wise to C. Tucker (Oct. 25, 2011), ECF No. 24-2 at 33.

The next day, Columbus Fire notified Lifecycle's surety, Fidelity, of its claim relating to the New Soldier Community Center. Letter from T. Williams to Fidelity and Deposit Company of Maryland (Oct. 26, 2011), ECF No. 22-4. Fidelity responded to Columbus Fire about its claim on November 17, 2011. Pl.'s Resp. Ex. C., Letter from N. Kokinakis to T. Williams (Nov. 17, 2011), ECF No. 24-2 at 8-10. On November 22, 2011, Columbus Fire responded to Fidelity claiming an amount of $28,561.30 and attached supporting documentation including a Proof of Claim form notarized on November 22, 2011 stating that it last furnished work on the project September 29, 2011. Williams Aff. ¶ 4, ECF No. 24-2 at 13; Williams Aff. Attach., Letter from Columbus Fire & Safety Equipment Company, Inc. to N. Kokinakis (Nov. 22, 2011), ECF No. 24-2 at 14; Williams Aff. Attach., Fidelity Proof of Claim (Nov. 22, 2011), ECF No. 24-2 at 34.

Fidelity also sent Lifecycle a letter on November 17, 2011 informing Lifecycle of Columbus Fire's claim against the New Soldier Community Center bond, of an undetermined amount. Pl.'s Resp. Ex. B, Letter from N. Kokinakis to S. Haynes (Nov. 17,

2011), ECF No. 24-2 at 5-6 ("Claimed Amount: to be determined[.]").  On December 20, 2011, Lifecycle responded:

> Lifecycle is aware of a disputed and alleged outstanding unpaid account by its subcontractor, Anderson Electric, for labor and materials supplied to Anderson Electric by Columbus Fire.  This claim covers work on Lifecycle project #51304 at the Fort Benning New Soldier Community Center.  Columbus Fire has provided us with an invoice copy dated 9/9/11 for $27,134.00 for work to install a new fire alarm system.

Pl.'s Resp. Ex. A, Letter from M. Wise to N. Kokinakis (Dec. 20, 2011), ECF No. 24-2 at 2.  On September 27, 2012, Columbus Fire filed suit to recover $28,561.30 plus prejudgment interest, service charges, and attorneys' fees against Lifecycle's payment bond for materials provided for the Wilson Gym project.  Compl. ¶¶ 6-17, ECF No. 1.

## DISCUSSION

Under the Miller Act, a general contractor must furnish a payment bond to the United States for certain federal construction projects.  40 U.S.C. § 3131.  If a subcontractor fails to pay a supplier of materials on such a project, that supplier can sue on the bond by giving written notice to the general contractor within ninety days of last supplying the material for which the claim is made.  40 U.S.C. § 3133(b)(2); *United States* ex rel. *Kinlau Sheet Metal Works, Inc. v. Great*

*Am. Ins. Co.*, 537 F.2d 222, 223 (5th Cir. 1976).[1]   Defendants contend that Columbus Fire has failed to properly notify Lifecycle of the amount claimed to be due as required by the Miller Act such that Columbus Fire's Miller Act claim must fail as a matter of law.   Columbus Fire responds that a genuine factual dispute exists as to whether proper notice was given and that summary judgment is therefore inappropriate.

The issue presented by Defendants' summary judgment motion is whether Columbus Fire has pointed to sufficient facts from which a reasonable jury could conclude that Lifecycle was on notice of Columbus Fire's claim against Lifecycle.   To resolve this issue, it is important to understand the purpose of the Miller Act notice requirements.   "The purpose of the notice requirement of the Miller Act is to alert a general contractor that payment will be expected directly from him, rather than from the subcontractor with whom the materialman dealt directly."   *United States* ex rel. *Jinks Lumber Co. v. Fed. Ins. Co.*, 452 F.2d 485, 487 (5th Cir. 1971) (per curiam).   In order to effectuate the Miller Act's purpose of providing a meaningful remedy to laborers and suppliers, courts have traditionally allowed reasonable flexibility regarding the method by which such notice is given.   *Maccaferri Gabions, Inc. v. Dynateria*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Inc.*, 91 F.3d 1431, 1437 (11th Cir. 1996); *Houston Fire & Cas. Ins. Co. v. United States* ex rel. *Trane Co.*, 217 F.2d 727, 729-30 (5th Cir. 1954). But as has also been recognized, the notice requirement serves the purpose of protecting the general contractor from being held liable for remote debts of its subcontractor that the contractor was not made aware of within the ninety-day deadline. *Jinks*, 452 F.2d at 487. Therefore, while flexibility may be permitted as to how the notice is given, the contents of that notice must be sufficiently specific to place the contractor on notice of the claim asserted: "'[i]t is crucial that the notice state a claim directly against the general contractor, that the claim be stated with some specificity of amount due, and that the claim specify the subcontractor allegedly in arrears.'" *Maccaferri*, 91 F.3d at 1437 (quoting *Jinks*, 452 F.2d at 488). That notice does not, however, have to be entirely in one writing for it to comply with the Miller Act. Written notice may be considered in conjunction with other writings or even oral statements to determine whether the general contractor was adequately informed, "'expressly or impliedly, that the supplier is looking to the general contractor for payment so that 'it plainly appears that the nature and state of the indebtedness was brought home to the general contractor.''" *Id.* (quoting *Kinlau*, 537 F.2d at 223 (quoting *Houston*, 217 F.2d at 730)); *see also*

*Liles Constr. Co. v. United States* ex rel. *Stabler Paint Mfg. Co.*, 415 F.2d 889, 891 (5th Cir. 1969) (finding adequate notice by considering two letters together and finding that overestimated amount of $12,710.61 in letters was substantially accurate notice for actual amount of $10,288.05 ultimately claimed).

Here, there is evidence in the record that could show Columbus Fire gave notice to Lifecycle on October 25, 2011 that it is seeking payment from Lifecycle's bond for Anderson Electric's unpaid debt on the New Soldier project. Letter from T. Williams to M. Wise (Oct. 25, 2011). While this letter did not specify the amount due, there is evidence showing that at some point before December 20, 2011 Columbus Fire informed Lifecycle that the amount owed by Anderson Electric was at least $27,134.00. Letter from M. Wise to N. Kokinakis (Dec. 20, 2011). A reasonable jury could find based on these two letters that Columbus Fire gave Lifecycle notice of its claim directly against Lifecycle "with some specificity of amount due." *Maccaferri*, 91 F.3d at 1437 (quoting *Jinks*, 452 F.2d at 488). In addition, there is evidence in the record that could support Columbus Fire's argument that Lifecycle received notice of its entire claim for $28,561.30 within the ninety-day deadline through its surety, Fidelity. Columbus Fire sent Fidelity a Notice of Claim, which Fidelity forwarded to Lifecycle on

8

November 17, 2011.  Letter from N. Kokinakis to S. Haynes (Nov. 17, 2011) ("Copies of this claimant's Notice [of Claim is] enclosed.").  Lifecycle admitted to receiving Fidelity's November 17, 2011 correspondence.  Letter from M. Wise to N. Kokinakis (Dec. 20, 2011).  On November 22, 2011, Columbus Fire sent Fidelity a cover letter and Proof of Claim form clearly specifying that $28,561.30 was due for all materials, the last of which were supplied September 29, 2011.  Letter from Columbus Fire & Safety Equipment Company Inc. to N. Kokinakis (Nov. 22, 2011); Fidelity Proof of Claim (Nov. 22, 2011).  These facts sufficiently raise a genuine dispute as to whether Lifecycle was indirectly informed though Fidelity within the ninety-day period ending December 28, 2011 of the additional $1,427.30 due.

The Court does not decide today that notice to a contractor's surety constitutes notice to the contractor as a matter of law under the Miller Act, an issue that apparently has not been decided in this Circuit.[2]  The Court does find, however, that communication between the subcontractor claimant, the contractor's surety, and the general contractor can be

---

[2] Defendants cite two district court cases outside the Eleventh Circuit. One finds disputed issues of material fact as to whether the contractor received timely notice, stating that service to the surety does not effect service to the general contractor as a matter of law. *Pittsburgh Builders Supply Co. v. Westmoreland Constr. Co.*, 702 F. Supp. 106, 109 (W.D. Pa. 1989).  The other finds that the claimant satisfied its burden to survive summary judgment by pointing to evidence that it sent notice to the surety since the contractor was in bankruptcy. *United States* ex rel. *EPC Corp. v. Travelers Cas. & Sur. Co. of Am.*, 423 F. Supp. 2d 1016, 1022-23 (D. Ariz. 2006).

considered by the jury in its determination of whether the general contractor received sufficient notice, "that the supplier is looking to the general contractor for payment" of some specific amount of a specific subcontractor's indebtedness. *Maccaferri*, 91 F.3d at 1437.

The present record simply does not support Defendants' argument that notice was deficient as a matter of law. A genuine factual dispute exists on this issue. Accordingly, Defendants' motion for summary judgment must be denied.

CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 21) is denied.


IT IS SO ORDERED, this 10th day of March, 2014.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE